IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESPERANZA JAIMES-BENITZ | § | |
| (BOP Register No. 90114-279), | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1341-N-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Esperanza Jaimes-Benitez, a federal prisoner incarcerated in Aliceville,

Alabama and proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside,

or correct sentence, asserting that at least one of her federal sentences should be

vacated based on two recent decisions. The first is *Johnson v. United States*, 135 S. Ct.

2551 (2015), in which the United States Supreme Court held "that imposing an

increased sentence under the residual clause of the Armed Career Criminal Act

["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, and which

the Supreme Court recently made retroactively applicable, *see Welch v. United States*,

136 S. Ct. 1257 (2016). The second is *United States v. Gonzalez-Longoria*, 813 F.3d 225

(5th Cir. 2016), in which the United States Court of Appeals for the Fifth Circuit,

applying *Johnson*, held that 18 U.S.C. § 16's statutory definition of "crime of violence"

is unconstitutionally vague.

The Section 2255 motion has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## Background

In 2012, in the Laredo Division of the Southern District of Texas, Movant pleaded guilty to one count of illegal reentry of a deported alien, in violation of 18 U.S.C. § 1326(a) and (b)(2), and she was sentenced to 18 months' incarceration to be followed by 3 years' supervised release. *See United States v. Jaimes-Benitez*, No. 3:14-cr-61-N (01) (N.D. Tex.), Dkt. No. 7 (docket sheet, indictment, and criminal judgment associated with *United States v. Jaimes-Benitez*, No. 5:11-cr-1377 (01) (S.D. Tex.)). Movant was released from federal custody to supervised release in March 2013. And, in May 2013, she was removed from the United States to Mexico – for the third time.

In September 2013, Immigration and Customs Enforcement ("ICE") agents encountered Movant in Dallas; she was taken into ICE administrative custody; and, in October 2013, she was indicted for illegal reentry after removal. *See United States v. Jaimes-Benitez*, No. 3:13-cr-401-N (01) (N.D. Tex.). She ultimately pleaded guilty; the Court adjudged her guilty of this offense; and, on August 25, 2014, she was sentenced to 70 months' incarceration for this conviction, to run consecutively to an 8-month sentence for violating her supervised release. *See* No. 3:13-cr-401-N, Dkt. No.

38; No. 3:14-cr-61-N, Dkt. No. 22.

The Fifth Circuit recently affirmed the judgment entered in No. 3:14-cr-61-N. *See United States v. Jaimes-Benitez*, ___ F. App'x ____, No. 14-10992, 2016 WL 1168492 (5th Cir. Mar. 24, 2016).

While the Section 2255 motion was docketed in that action, the motion references both sentences, *see* Dkt. No. 2 at 2, and, through her motion, Movant challenges the 16-level increase to the offense level used to calculate the Guidelines sentence applicable to her illegal reentry conviction, *see id.* at 5 ("The petitioner had one state conviction for narcotics, where no time was served... Her [current] sentence reflects [a 16-level] enhancement, yet her prior crime was not for a drug trafficking/violent crime. Simple possession garners only a (12) level enhancement."). *Compare id.*, *with* No. 3:13-cr-401-N, Dkt. No. 28 (presentence report), ¶¶ 23 & 33 (pursuant to USSG § 2L1.2(b)(1)(A)(i), adding 16 levels to the base offense level because Movant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months – attempted possession with intent to deliver cocaine, No. F-0954520 (363rd Jud. Dist. Ct., Dallas Cnty., Tex. Mar. 31, 2010), imposing 5 years' deferred adjudication probation, later adjudicated, resulting in a sentence of 2 years' imprisonment).

## Legal Standards and Analysis

Section 2255 Rule 4(b) provides for summary dismissal "[i]f it plainly appears … that the moving party is not entitled to relief." *Id.*

> The Fifth Circuit
>
> has noted repeatedly that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing 'both "cause" for his procedural default and "actual prejudice" resulting from the error.'" *Id.* at 741-42 (quoting *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992)).

*United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

"A district court's calculation under or application of the sentencing guidelines standing alone" – the sole claim presented in the Section 2255 motion – "is not the type of error cognizable under section 2255." *Id.*; *accord Gray v. United States*, No. 3:13-cv-3542-L, 2014 WL 1724444 (N.D. Tex. Apr. 30, 2014).

But, because Movant's challenge is rooted in *Johnson*, a decision recently made retroactively applicable, the undersigned has considered whether *Johnson* applies – in any way – to Movant's sentences and has concluded that it does not.

First, Movant's challenge is based on a sentencing guideline. And it appears that the Fifth Circuit has yet to directly decide whether *Johnson* applies to the Guidelines. *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cir. 2016) ("If Gonzalez–Longoria had challenged [USSG] § 2L1.2 as unconstitutionally vague, we would have to determine whether guideline provisions are immune from vagueness challenges, as the Eleventh Circuit recently held." (citing *United States v. Matchett*, 802 F.3d 1185, 1195 (11th Cir. 2015) ("Because there is no constitutional right to

sentencing guidelines – or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines – the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990))))), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016).

In *Gonzalez-Longoria*, the Court of Appeals further noted that it has "not previously decided this issue in a published case, though unpublished cases have agreed with the approach adopted by the Eleventh Circuit." *Id.* at 227-28 (citing *United States v. Velasquez*, No. 06-41469, 2007 WL 2437961, at *1  (5th Cir. Aug. 21, 2007) (per curiam) ("Velasquez's unconstitutional vagueness argument is unfounded because it challenges a Sentencing Guideline, not a criminal statute.")).

It does appear, however, that there is a split among the United States circuit courts of appeals as to *Johnson*'s applicability to the Guidelines. *See, e.g., In re Robinson*, ___ F.3d ____,  No. 16-11304-D, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (Martin, J., concurring) (collecting cases).

More to the point, even if *Johnson*'s holding applies to the Guidelines, it offers Movant no relief.

The Supreme Court in *Johnson* invalidated a part of how ACCA defines "violent felony." But, similar to the Guidelines enhancement at issue here, ACCA may also apply if a defendant has been convicted of certain drug offenses. *See Johnson*, 135 S. Ct. at 2555 (explaining that, "if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases

his prison term to a minimum of 15 years and a maximum of life" (citing 18 U.S.C. § 924(e)(1))).

*Johnson*'s holding is limited to the residual clause of ACCA's definition of violent felony. *See* 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). It does not apply, for example, to how ACCA defines "serious drug offense." *See Barnes v. United States*, Nos. 3:15-cv-375-TAV & 3:13-cr-45-TAV-CCS (05), 2016 WL 1175092, at *4 n.3 (E.D. Tenn. Mar. 23, 2016) ("Quite simply, *Johnson* 'has no bearing' on whether a prior conviction qualifies as a serious drug offense under the Armed Career Criminal Act, a controlled substance offense under the Guidelines, or a prior felony drug conviction under [21 U.S.C.] § 841(b)(1)(A)."); *Moring v. United States*, Case Nos. 2:12-cv-02551-JPM-dkv & 2:09-cr-20473-JPM-1, 2016 WL 918050, at *5 (W.D. Tenn. Mar. 8, 2016) (*Johnson* "did not address sentences enhanced for 'serious drug offenses'").

## Recommendation

The Court should summarily dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE